IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UBS BANK USA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>AHMED D. HUSSEIN<br>Defendant. | MEMORANDUM OPINION AND ORDER<br><br><br><br>Case No.  2:14-CV-106<br><br>Judge Dee Benson |

This matter is before the court on Plaintiff's Motion for a Preliminary Injunction.  The

court held a hearing on the motion on March 24, 2014.  At the hearing, Plaintiff was represented

by Julian W. Wells and Stephan Horvat.  Defendant was represented by Bryan J.E. Caforio and

Stephen E. Morrissey.  The court took the matter under advisement.  The court has considered

the memoranda and other materials submitted by the parties, as well as the law and facts relating

to the motion.  Now being fully advised, the court renders the following Memorandum Decision

and Order.

## BACKGROUND

Plaintiff UBS Bank USA ("UBS Bank") filed this motion on February 14, 2014, to enjoin

Defendant Hussein ("Hussein") from pursuing claims against UBS Bank in an arbitration filed

with the Financial Industry Regulatory Authority ("FINRA"). UBS Bank is a federally regulated

Utah industrial bank with its principal place of business in Salt Lake City, Utah. Hussein is a

citizen of the State of New York.

On May 4, 2009, Hussein entered into a Client Relationship Agreement ("CRA") with

multiple UBS entities. (Dkt. No. 2-2 at 7.) The CRA governs margin loans made to Hussein

which he used to purchase securities in his brokerage accounts at UBS Financial Services. (Pl.'s

Reply at 7.) The Signature Page of the CRA lists only UBS International Inc.[1] (Def.'s Ex.1 p. 1.)

The Introduction section to the CRA states:

> The terms and conditions expressed in this Client Relationship
> Agreement govern any and all Accounts you are opening now with
> UBS Financial Services Inc., UBS Financial Services Incorporated
> of Puerto Rico or UBS International Inc. . . .

(*Id*. at 15.)

A margin note on page 15 of the CRA states that the CRA is an agreement "governing

the relationship between you and us," and it defines "us" to mean "UBS Financial Services Inc.

and unless we indicate otherwise, its successor firms, subsidiaries, correspondents, and/or

affiliates, including without limitation its parent company UBS AG and its affiliates: . . . UBS

Bank USA . . . ." (*Id*.) The CRA also includes an arbitration provision found on page 20. The

arbitration provision states:

> This Agreement contains a predispute arbitration clause. By
> signing this arbitration agreement the parties agree as follows:
>
> - All parties to this Agreement are giving up the right to sue each
>   other in court, including the right to a trial by jury, except as
>   provided by the rules of the arbitration forum in which a claim
>   is filed.

---

[1] UBS International, which is referenced in the Client Relationship Agreement, provides
brokerage services for international clients and is part of and a division of UBS Financial
Services Inc.

- You agree, and by opening an account for you, UBS Financial
  Services Inc. or UBS International Inc. or UBS Financial
  Services Incorporated of Puerto Rico, as applicable, agrees,
  and by carrying an account for you UBS Financial Services
  Inc. agrees, that any controversy, claim or issue in any
  controversy which may arise between you and UBS Financial
  Services Inc., or you and UBS International Inc. or you and
  UBS Financial Services Incorporated of Puerto Rico, that
  occurred prior, on or subsequent to the execution of this
  Agreement, including but not limited to, any controversy,
  claim or issue in any controversy concerning any account(s),
  transaction, dispute or the construction, performance or breach
  of this Agreement or any other agreement (whether entered
  into prior, on or subsequent to the date hereof) shall be
  determined by arbitration. Any arbitration under this
  Agreement shall be held under and pursuant to and be
  governed by the Federal Arbitration Act, and shall be
  conducted before an arbitration panel convened by the
  Financial Industry Regulatory Authority (FINRA).

(*Id*. at 20.)

On January 17, 2014, Hussein filed an arbitration proceeding with FINRA alleging that

various UBS entities, including UBS Bank, breached the CRA.[2] (Dkt. 2-2 at 11-13.)  On

February 10, 2014, UBS Bank filed a notice of appearance with FINRA. (Pl.'s Reply at 4.)  On

March 6, 2014, FINRA sent Hussein a letter stating:

> UBS Bank USA is not compelled by the Code of Arbitration
> Procedure to arbitrate disputes with you in this forum.

(Pl.'s Reply at 12.)  FINRA's letter also states that because UBS Bank is not subject to FINRA's

jurisdiction, Hussein should separately pursue his claims against UBS Bank in another forum:

> [Unless] UBS Bank USA agrees to voluntarily submit to FINRA
> Dispute Resolution's jurisdiction . . . FINRA Dispute Resolution
> has no alternative except to proceed with this action without the
> participation of UBS Bank USA and to advise you to pursue your

---

[2] UBS Bank is one of several respondents named by Hussein in the FINRA arbitration.  The other
respondents in the FINRA arbitration, who are not parties to this motion, are UBS Financial
Services, UBS AG, UBS Financial Services Incorporated of Puerto Rico, UBS International,
Inc., UBS Credit Corp., and UBS Trust Company, N.A.

> remedies against this Respondent in another forum which does
> have jurisdiction over this Respondent.

(*Id*.)

## DISCUSSION

Federal district courts are vested with the authority to grant temporary and preliminary injunctions as an exercise of their equitable powers. *Fed. R. Civ. P. 65*. Such injunctions are intended to "preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camensch*, 451 U.S. 390, 395 (1981). In order to obtain preliminary injunctive relief, UBS Bank must establish: (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is not issued; (3) the threatened injury outweighs the harm that the preliminary injunction may cause Hussein; and (4) the injunction will not adversely affect the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distribution LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

### I. Likelihood of Success on the Merits

The success of UBS Bank's motion depends on whether it is a party to the CRA. Hussein asserts that UBS Bank is a party to the CRA and must abide by its binding arbitration agreement. In support, Hussein relies on the margin note found on page 15 of the CRA, which states, in relevant part, that the CRA is an agreement "governing the relationship between you and us," and it defines "us" to mean "UBS Financial Services Inc. and unless we indicate otherwise, its successor firms, subsidiaries, correspondents, and/or affiliates, including without limitation its parent company UBS AG and its affiliates: . . . UBS Bank USA . . . ." Hussein asserts that the page 15 margin note proves UBS Bank is a party to the CRA and is bound by its arbitration provision because "us" as it is defined includes UBS Bank as an affiliate of UBS Financial Services Inc.

The court disagrees. The language of the CRA clearly states that "us" as it is defined in the page 15 margin note includes UBS Bank <u>unless it indicates otherwise</u>. The only fair reading of the rest of the CRA is that it does indicate otherwise and binds only UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, or UBS International Inc.

There are several things that confirm the CRA indicates otherwise. The CRA's Introduction section does not mention UBS Bank and states: "[T]he terms and conditions expressed in this 'Client Relationship Agreement' govern any and all Accounts you are opening now with UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, or UBS International Inc. . . . ." The signature page of the CRA clearly indicates it is an agreement with UBS International Inc., and this is confirmed by the specific language in the arbitration provision where UBS Bank is not mentioned at all. Instead, three entities are listed, UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, or UBS International Inc.

Furthermore, even if USB Bank were a party to the CRA, UBS Bank would still not be obligated to arbitrate Hussein's claims before FINRA. The arbitration provision in the CRA expressly states: "All parties to this Agreement are giving up the right to sue each other in court, including the right to a trial by jury, <u>except as provided by the rules of the arbitration forum in which a claim is filed</u>." Hussein chose FINRA as the forum governing his arbitration claim and FINRA's rules do not allow it to arbitrate claims against UBS Bank without UBS Bank's consent. This point is emphasized by the March 6, 2014, letter FINRA sent Hussein stating:

> UBS Bank USA is not compelled by the Code of Arbitration
> Procedure to arbitrate disputes with you in this forum.

(Pl.'s Reply at 12.) FINRA's letter also states that because UBS Bank is not subject to FINRA's jurisdiction, Hussein should separately pursue his claims against UBS Bank in another forum:

> [Unless] UBS Bank USA agrees to voluntarily submit to FINRA
> Dispute Resolution's jurisdiction . . . FINRA Dispute Resolution
> has no alternative except to proceed with this action without the
> participation of UBS Bank USA and to advise you to pursue your
> remedies against this Respondent in another forum which does
> have jurisdiction over this Respondent.

(*Id.*) UBS Bank cannot be compelled to arbitrate Hussein's claim against UBS Bank because the CRA arbitration provision clearly states the rules of the arbitration forum where the claim is filed govern. Hussein filed his arbitration claim with FINRA, and FINRA's rules do not allow jurisdiction over UBS Bank.

Hussein counters this point by asserting USB Bank did consent to FINRA dispute resolution's jurisdiction because USB Bank filed a notice of appearance with FINRA on February 10, 2014. However, UBS Bank did not consent because it did not provide FINRA with a Uniform Submission Agreement which is the document by which a party consents to FINRA's jurisdiction. (Pl.'s Reply at 4 n.1.) And the notice of appearance was filed before FINRA issued its March 6, 2014, letter to Hussein stating UBS Bank cannot be compelled to arbitrate with Hussein in the FINRA arbitration forum.

The language of CRA makes it clear that UBS Bank is not a party to the CRA because it clearly indicates otherwise. Even if UBS Bank were a party to the CRA, UBS Bank cannot be compelled to arbitrate Hussein's claims because the FINRA forum where Hussein filed his claims does not have jurisdiction over UBS Bank, and UBS Bank did not consent to FINRA's jurisdiction. Accordingly, UBS Bank is substantially likely to succeed on the merits of its claim.

## II. Irreparable Harm

As a general proposition, and as held in *Monavie, LLC v. Quixtar Inc.*, 741 F.Supp 2d 1227, 1238, (D. Utah 2009) (J. Jenkins), the prospect of injury to a party who is forced to submit to arbitration when it did not agree to do so can constitute irreparable injury sufficient to warrant

injunctive relief. Absent an issuance of a preliminary injunction, UBS Bank will be required to participate in discovery and resolution of a case in a forum lacking the substantive and procedural safeguards provided in our courts. The court finds that this is a sufficient showing to establish irreparable injury for its preliminary injunction analysis on the facts presented.

### III.    Balancing of Equities

In analyzing whether the balance of hardships favors the moving party, a court must determine whether the identified irreparable harm outweighs the harm to the opposing party if the preliminary injunction is granted. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1214 (10th Cir. 2009). Here, if the court were to grant UBS's motion for preliminary injunction, Hussein would still be able to pursue his FINRA arbitration against the remaining parties, and would merely be precluded from proceeding with an arbitration to which UBS Bank never agreed. Alternatively, and in light of UBS Bank's substantial likelihood of success on the merits, the harm felt by UBS Bank would be irreparable, as UBS Bank would be compelled to arbitrate a dispute that it did not agree to arbitrate. The court finds that a balancing of the equities weighs in favor of entering a preliminary injunction.

### IV.    Public Interest

It is self-evident that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986). The public interest is not advanced when a party is forced to arbitrate claims when that party did not agree to submit to arbitration. Here, a preliminary injunction will serve the public interest by minimizing the risk UBS Bank will suffer through the inconvenience and cost associated with arbitrating disputes arising out of the CRA to which UBS Bank is not a  party.

## V.     Requirement of a Bond Under Fed. R. Civ. P. 65(C)

Under Federal Rule of Civil Procedure 65(c), the court can require the party seeking a preliminary injunction to give security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Here, the injunctive relief sought would enjoin Hussein from proceeding with arbitration to which UBS Bank did not agree. Although ultimate determination of Hussein's claims may be delayed by injunctive relief, that delay should not result in any damages to Hussein. Defendant will not incur any costs or damage to abide by a preliminary injunction in this court. For that reason, the court does not require UBS Bank to post any security for injunctive relief.

## CONCLUSION

Based on the foregoing the court finds that UBS Bank has satisfied each of the factors required for issuance of a preliminary injunction. UBS Bank's motion for preliminary injunction is GRANTED, and Hussein is enjoined from pursuing claims against UBS Bank in the FINRA arbitration.

DATED this 18th day of April 2014.

_____
Dee Benson
United States District Judge